UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| HEATHER ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-309-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Heather Rogers appeals the Social Security Administration's denial of her claim for Supplemental Security Income ("SSI"). [Record No. 6] She contends that the Administrative Law Judge ("ALJ") assigned to her case erred in considering the persuasiveness of medical opinions and her self-reported symptoms concerning her residual functional capacity ("RFC"). *Id.*

After reviewing the record and considering the parties' arguments, the Court concludes that the ALJ's decision is supported by substantial evidence. Therefore, the Commissioner's motion for judgment will be granted while Rogers' motion will be denied.

**I.**

Rogers filed for SSI in December 2022, alleging a period of disability that began one year earlier. [Record No. 5-1 at 21] She was born in 1972 and was "closely approaching advanced age" at the time she filed her application. *Id.* at 29. The ALJ issued an unfavorable decision following an administrative hearing in June 2024, which became final when the Appeals Council denied review in July 2025. *Id.* at 5, 30.

- 1 -

After considering Rogers' severe[1] and non-severe impairments, medical opinions, testimony, and medical records, the ALJ assigned her an RFC for a reduced range of light work.  [*See generally* Record No. 5-1.] He included the following limitations to that RFC: lifting/carrying 20 pounds occasionally and 10 pounds frequently; standing/walking six hours and sitting six hours in an eight-hour workday climbing ramps/stairs occasionally but never ladders/ropes/scaffolds; stooping, kneeling, crouching, and crawling occasionally; bilateral overhead reaching frequently; and avoiding all exposure to unprotected heights, moving mechanical parts, and concentrated exposure to vibration, extreme cold, and humidity.  *Id.* at 25.

Rogers had no past relevant work and a has limited education.  [Record No. 5-1 at 29] The ALJ relied on vocational testimony to find that jobs such as mail clerk and office helper existed in significant numbers that she could perform.  *Id.* at 30.  Accordingly, the ALJ found her not disabled during the relevant period.  *Id.*

## II.

A "disability" under the Social Security Act ("Act") is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)).  A claimant's disability determination is made by an ALJ in accordance with "a five-step sequential evaluation process."  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc).  If the

---

[1]   The ALJ determined that Rogers has the following severe physical impairments: "obesity; status post left distal clavicle fracture; status post compression fractures of the spine; osteoporosis; degenerative disc disease of the lumbar and cervical spine; [and] osteoarthritis of the bilateral knees."  [Record No. 5-1 at 21]

claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). But if the "claimant is found to be conclusively disabled or not disabled at any step, the inquiry ends at that step." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009).

> First, the claimant must demonstrate that [she] has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that [she] suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that [her] impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, [she] is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform [her] past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as [her] age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 399 (6th Cir. 2018) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

A district court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards in reaching his or her decision. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). A reviewing court is not empowered to conduct a *de novo* review, resolve conflicts in evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). If the court finds substantial evidence to support the Commissioner's judgment, it must affirm that decision even if it would have decided the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714.

Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

**III.**

The ALJ conducted the five-step analysis required for evaluating social security disability cases. [Record No. 5-1 at 24–30] And Rogers does not contest this analysis. [*See* Record Nos. 6 and 10.] However, she does challenge the following aspects of the ALJ's process: (1) failure to adequately evaluate and sufficiently explain his analysis of the restrictions assessed by the agency's consultative examiner, Samuel Kimmell, D.O."; and (2) error "in rejecting Plaintiff's subjective allegations without pointing to any genuine inconsistencies between her testimony regarding disabling symptoms and the other evidence in the record." [Record No. 6]

The Commissioner argues that the ALJ's evaluation of Dr. Kimmell's medical opinion addressed the supportability and consistency factors in determining the persuasiveness of the medical opinion. [Record No. 9 at 4–5] He further asserts that Rogers has fallen short in demonstrating that the ALJ's assessment of her subjective symptoms are not supported by substantial evidence. *Id.* at 8.

### Evaluation of Doctor Kimmell's Medical Opinion

Medical opinions' supportability and consistency "are the most important factors [ALJs] consider when [they] determine how persuasive [they] find a medical source's medical opinions." 20 C.F.R. § 416.920c(b)(2). The supportability determination is defined in this way: "[t]he more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that medical opinion." 20 C.F.R. § 416.927(c)(3). And "[t]he better an explanation a source provides for a medical opinion, the more weight [the ALJ] will give that medical opinion." *Id.* Stated differently, the supportability factor provides that "[t]he more relevant the objective

- 4 -

medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(2).

And the more "consistent" a medical opinion is with the evidence from other medical and nonmedical sources in the record, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(2). To be sure, the consistency factor "requires the ALJ to compare the medical opinion at issue to other medical and nonmedical sources." *Elizabeth A. v. Comm'r of Soc. Sec.*, No. 2:22-cv-2313, 2023 WL 5924414, at *4 (S.D. Ohio Sept. 12, 2023) (citation modified).

Here, Dr. Kimmell opined that Rogers "should be able to sit [for] 75 minutes; stand for 30 minutes; walk for 25 minutes on [a] flat surface; [and] lift and carry objects weighing approximately 15 pounds for 25 feet without difficulty." [Record No. 5-1 at 28] But the ALJ found his opinion "not persuasive." *Id.*

Rogers argues that the ALJ's failure to properly consider the supportability and consistency factors warrant reversal because, had the ALJ found the opinion persuasive, she would have been assigned an RFC of sedentary work. [Record No. 6 at 12] Specifically, she insists that "several of the findings cited by the ALJ support [Dr. Kimmell's] limitations and others either fail to refute or simply have no bearing on" those limitations. [Record No. 10 at 2]

Concerning the supportability factor, the ALJ found Dr. Kimmell's opinion to be not persuasive because it was "not supported by [Dr. Kimmell's own] examination of the claimant and [his] narrative report of the examination findings." [Record No. 5-1 at 28] Specifically, Dr. Kimmell's "examination found '5/5' muscle and grip strength throughout; slow antalgic

gait; no use of an assistive device; slightly decreased cervical and lumbar range of motion; neck tender to touch but with no musculoskeletal swelling, erythema, or atrophy; and ability to sit and stand without difficulty." *Id.* The ALJ noted that those latter limitations "are consistent with a reduction to light exertional work with the postural and environmental limitations" addressed in Rogers' RFC. *Id.*

Regarding the consistency factor, the ALJ explained that Dr. Kimmell's opinion was not consistent with the "MRI showing 'mild' spondylolisthesis with no foraminal or central canal stenosis, and the findings of the State Agency reviewing medical consultants." [Record No. 5-1 at 28] The State Agency reviewing medical consultants limited Rogers "to a reduced range of light exertional work with postural limitations (occasional climbing of ladders, ropes, and scaffolds, frequent climbing of ramps and stairs, stooping, kneeling, crouching, and crawling) and environmental limitations."[2] *Id.* The ALJ adequately considered the consistency factor in comparing those disparate medical opinions.

In short, Rogers' "assertions that the ALJ failed to follow the required procedures for assessing medical opinions are belied by the record." *Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1006 (6th Cir. 2025). The ALJ analyzed the supportability and consistency factors when concluding that Dr. Kimmell's opinion was unpersuasive. In any event, the ALJ satisfied the minimum level of articulation standard in assessing those factors. 20 C.F.R. § 416.920c(b)(2).

---

[2]     Finding that opinion "generally persuasive," the ALJ "added postural limitations (such as no ladders, ropes, or scaffolds, and occasional climbing of ramps and stairs, stooping, kneeling, crouching, and crawling), and frequent overhead reaching on account of the overall evidence of the claimant's severe physical impairments." [Record No. 5-1 at 28]

**Rogers' Subjective Allegations**

Rogers also insists that the ALJ "failed to properly evaluate [her] subjective allegations" that "she is unable to stand for more than three to five minutes at a time," "cannot tolerate sitting for more than about five to ten minutes" or walk for very long, and is in constant pain. [Record No. 6 at 13] And she further claims that her testimony was consistent with the "Third Party Functional Report" submitted by Aaron Pentland but that the ALJ failed to consider her testimony "in light of" Pentland's report. *Id.* Finally, she contends that "the ALJ erred by pointing to no genuine inconsistencies between her testimony and the other evidence." *Id.*

Conversely, the Commissioner posits that the ALJ's "analysis of a claimant's subjective symptoms is given great weight and great deference." [Record No. 9 at 9 (citing *Jones*, 336 F.3d at 476).] Accordingly, the defendant argues that the ALJ's credibility determination should not be disturbed by this Court. *Id.*

In this case, the ALJ specifically considered Pentland's report and stated that it "tends to echo the claimant's subjective reports and complaints regarding ongoing chronic pain and functional limitations." [Record No. 5-1 at 29] In declining to adopt additional limitations based on that testimony, the ALJ reasoned that the "objective medical evidence does not support greater limitation than reflected in the RFC." *Id.* And although the ALJ found that Rogers' "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," he ultimately determined that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 26. In reaching this conclusion, he

- 7 -

referenced x-ray and MRI imaging that indicated Rogers' back and neck related ailments ranged from mild to moderate, with the majority falling into the mild or stable range.  *See id.*

This process reflects that the ALJ carefully considered information Rogers submitted about her symptoms.  20 C.F.R. § 416.929(c)(3) ("Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, [ALJs] will carefully consider any other information [a claimant] may submit about [his or her] symptoms.").  His decision considered her testimony regarding back pain, which he noted "allegedly keeps her from standing more than 3-5 minutes and sitting more than 5-10 minutes," and testimony that "her fingers swell and hurt to the point she can barely move them."  [Record No. 5-1 at 26] Ultimately, ALJ analyzed this information alongside the "objective medical evidence and other evidence" in reaching his conclusion that no additional restrictions to Rogers' RFC were warranted.  *Id.* at 26–29.

### IV.

As noted previously, a reviewing court does not try the case *de novo*.  And even if the it would resolve the dispute differently, "the Commissioner's decision must stand if supported by substantial evidence."  *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990).  In the present case, the ALJ's opinion is supported by ample evidence and consideration of all material facts.  The Court cannot re-weigh the evidence in a manner such as to come to a different conclusion, even one which the evidence could have supported.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.     Plaintiff Heather Rogers' motion for judgment [Record No. 6] is **DENIED**.

2.       Defendant Commissioner of Social Security's motion for judgment [Record No. 9] is **GRANTED**.

3.       This action is **DISMISSED** and **STRICKEN** from the docket.

Dated:  April 29, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky